NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0474n.06

No. 24-3105

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Nov 27, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| SHAKUR MOSS, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GIBBONS, McKEAGUE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** On September 11, 2023, Shakur Moss pleaded guilty to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He now challenges his felon-in-possession conviction, arguing that it violates his Second Amendment rights because his predicate felony, burglary, is nonviolent. But Moss's as-applied challenge comes with two significant caveats: first, he raised the issue only on appeal; and second, it is conditioned on an outcome in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), that never came to be.

Because Moss did not challenge the constitutionality of his § 922(g)(1) conviction in the district court, we review his Second Amendment claim for plain error. *See United States v. Johnson*, 95 F.4th 404, 415 (6th Cir. 2024). To show plain error, Moss must establish: "(1) an error, (2) that was 'plain,' (3) that affected 'substantial rights,' and (4) that seriously impacted 'the

fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 416 (quoting *Greer v. United States*, 593 U.S. 503, 507–08 (2021)). An error is plain only if it is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Moss, aware that our precedent required that we reject his claim, conceded that he could not establish that the district court committed plain error under the law at the time of his conviction or when briefing his appeal. Nevertheless, he appealed to preserve the argument in the event that some plain error might arise following the Supreme Court's decision in *Rahimi*. *See* Appellant Br. at 16 ("Moss submits this Brief in order to present and preserve his right to challenge the constitutionality of the application of 18 U.S.C. § 922(g)(1) in this case, should the Supreme Court's decision in *Rahimi* be decided in a manner which would affect his conviction in this case.").

*Rahimi* was decided just one month after Moss filed his brief, *see generally*, 144 S. Ct. 1889, and, just two months after *Rahimi*, this court explicitly addressed the constitutionality of § 922(g)(1) in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). There, we held that § 922(g)(1) is constitutional both on its face and "as applied to dangerous people." *Id.* at 662–63. We explained that a defendant who wishes to raise an as-applied Second Amendment challenge to § 922(g)(1) must make "an individualized showing that he himself is not actually dangerous," after consideration of his individual characteristics, including his "entire criminal record." *Id.* at 663. And, of particular significance here, *Williams* posited that a person who has been convicted of a crime "that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary[,]" would "have a very difficult time, to say the least, of showing he is not dangerous." *Id.* Although *Williams* did not involve a defendant previously convicted of burglary, *see id.* at 662, its reasoning suggests that the constitutionality of § 922(g)(1) as applied to Moss is,

at a minimum, "subject to reasonable dispute," *Puckett*, 556 U.S. at 135; *see also United States v. Hewlett*, No. 23-2040, 2024 WL 4564645, at *4 (6th Cir. Oct. 24, 2024) (explaining that a defendant's previous felonies involving drug trafficking and violence obviated any purported plain error). Accordingly, Moss cannot meet his burden of showing plain error, and his as-applied challenge to § 922(g)(1) fails.

We **AFFIRM**.